

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,096-01, WR-82,096-02 & WR-82,096-03

### EX PARTE KENTRAIL RAY MCCUIN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F-12-51308-L, F-12-51309-L & F-12-51310-L
### IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest, possession of a firearm by a felon, and unlawful possession with intent to deliver cocaine in a drug free school zone. He was sentenced to two, five, and twenty years' imprisonment, respectively. The Fifth Court of Appeals affirmed his convictions. *McCuin v. State*, Nos. 05-12-01148-CR, 05-12-01149-CR & 05-12-01150-CR (Tex. App. Dallas—Jul. 26, 2013) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not object to an improper cumulation order. Applicant's evading arrest sentence was ordered to run consecutive to the possession of a firearm by a felon sentence. The possession of a firearm sentence was ordered to run consecutive to the possession with intent to deliver a controlled substance in a school zone sentence. Tex. Penal Code § 3.03; Tex. Health & Safety Code § 481.134(h).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Though counsel provided an affidavit responding to the claims, it does not address Applicant's claim that there was no objection to the cumulation order. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing the legal basis for the cumulation order in Cause Number F-12-51308-L. The trial court shall also make any

other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 29, 2014
Do not publish